MARK R. CONRAD (CA Bar No. 255667)
WARREN METLITZKY (CA Bar No. 220758)
**CONRAD & METLITZKY LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: mconrad@conradmetlitzky.com
Email: wmetlitzky@conradmetlitzky.com

JAMES D. WEINBERGER (*pro hac vice* application forthcoming)
JASON D. JONES (*pro hac vice* application forthcoming)
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
866 United Nations Plaza
New York, New York 10017
Tel: (212) 813-5900
Fax: (212) 813-5901
Email: jweinberger@fzlz.com
Email: jjones@fzlz.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ASURAGEN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ACCURAGEN, INC.,<br><br>    Defendant. | CASE NO. _____<br><br>**COMPLAINT FOR:**<br><br>(1) Federal Trademark Infringement, 15 U.S.C. § 1114(1);<br><br>(2) Federal Unfair Competition, 15 U.S.C. § 1125(a)(1)(a); and<br><br>(3) California Unfair Competition, Cal. Bus. & Prof. Code § 17200<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Asuragen, Inc. ("Asuragen"), by its attorneys Conrad & Metlitzky, LLP and Fross Zelnick Lehrman & Zissu, P.C., for its complaint against Defendant Accuragen, Inc. ("Accuragen"), alleges as follows:

## Nature of the Action

1. For a decade, Asuragen has used its ASURAGEN trademark (the "ASURAGEN Mark") throughout the United States in connection with its research and analysis services concerning genetic mutations and other areas of biology, as well as its sale of products for the testing and screening of genetic mutations. All of the claims asserted herein arise out of and are based on Accuragen's willful infringement of Asuragen's intellectual property rights in the ASURAGEN Mark.

2. Accuragen is providing services in the United States under the mark ACCURAGEN for the research and development of technology for detecting and screening cancer cell mutations. Accuragen has been informed that its conduct is unlawful, but it remains undeterred and continues to provide its services under the infringing mark.

3. Accordingly, Asuragen now brings claims against Accuragen for trademark infringement in violation of Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); false designation of origin and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and unfair competition in violation of California State Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. In connection with these claims, Asuragen seeks both injunctive and monetary relief.

## Jurisdiction and Venue

4. The Court has jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338 (a) & (b), and under principles of supplemental jurisdiction, 28 U.S.C. § 1367.

{F2030841.1 }
COMPLAINT
-2-

5.     The Court has personal jurisdiction over Accuragen because Accuragen maintains a place of business in California and regularly conducts its business and offers it services in California.

6.     Venue is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), in that Accuragen resides in this District and a substantial part of the events giving rise to the claims occurred in and are directed from this District.

### The Parties

7.     Plaintiff Asuragen, Inc. is a Delaware corporation with its principal place of business at 2150 Woodward Street, Austin, Texas 78744.

8.     Upon information and belief, Defendant Accuragen, Inc. is a Delaware corporation which maintains a place of business at 1455 Adams Drive, Suite 1015, Menlo Park, California 94025.

### Facts Common to All Claims

**A.     Asuragen and Its Products and Services**

9.     Since 2006, Asuragen has used its ASURAGEN Mark in the United States in connection with research and analysis services relating to genetic mutations and other areas of biology, as well as the sale of products for the testing and screening of genetic mutations and other diseases and disorders.

10.    By way of example only, as explained on Asuragen's website at *www.asuragen.com*, Asuragen offers an "Asuragen Oncology Portfolio" of products and services, which "deliver critical clinical research insights that drive the evolution of therapy, patient monitoring and precision medicine" for cancer patients and which provide a "suite of products" that screen for cancer-related genetic mutations.

11.    Asuragen's business operated under the ASURAGEN Mark has achieved considerable commercial success in the United States.

12.    Asuragen has invested a significant amount of time, effort and money in developing and promoting its products and services offered under the ASURAGEN Mark.  As a

1  result of these efforts and the marketplace success of the products and services offered under the
2  ASURAGEN Mark over the last decade, the ASURAGEN Mark has come to identify Asuragen
3  exclusively and uniquely, and represents enormous goodwill.

4  13.  In addition to Asuragen's extensive common law rights in the ASURAGEN Mark,
5  Asuragen owns a federal registration for the ASURAGEN Mark.  Specifically, Asuragen owns
6  U.S. Reg. No. 3,415,931, registered on April 22, 2008, for "Reagents and/or buffers, sold
7  separately or in laboratory kit form, for testing and screening of genetic mutations, infectious
8  diseases, oncologocial diseases, blood diseases, and immunological disorders" in International
9  Class 5 and "Biological research and analysis" in International Class 42.  Attached hereto as
10 **Exhibit 1** is a true and correct printout from the U.S. Patent and Trademark Office database
11 reflecting this registration.

12 14.  The above registration is valid, subsisting and in full effect.  Moreover, the above-
13 referenced registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C.
14 § 1065, and therefore serves as conclusive proof of Asuragen's exclusive right to use the
15 ASURAGEN Mark in connection with the goods and services identified therein, as provided by
16 Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

**B.    Accuragen's Wrongful Conduct**

18 15.  According to its website, *www.accuragen.com*, Accuragen was "founded in
19 California in 2013" and is currently pursuing research and development services to "pioneer[] the
20 development of cell-free DNA (cfDNA) based liquid biopsy technology for personalized cancer
21 treatment."

22 16.  According to its website, Accuragen "has a R&D [research and development] team
23 in Menlo Park" and Accuragen claims to be "inventing the future in cancer diagnostics."

24 17.  Accordingly, Accuragen is using the name and mark ACCURAGEN, including on
25 its public-facing website, in connection with research and development of technology for detecting
26 and screening cancer cell mutations.

18. Accuragen's ACCURAGEN mark is confusingly similar to Asuragen's ASURAGEN Mark in sight, sound and commercial meaning.

19. Upon information and belief, Accuragen's advertisement, promotion and offering of its services under its ACCURAGEN mark are directed to the same consumers as the goods and services offered by Asuragen under the ASURAGEN Mark.

20. Accuragen is not associated or affiliated with Asuragen and has never been authorized or otherwise licensed by Asuragen to use the ASURAGEN Mark, or any trade names or trademarks confusingly similar thereto, in connection with any goods or services.

21. Upon information and belief, Accuragen selected and has used the ACCURAGEN mark with actual and constructive knowledge of Asuragen's ownership of and exclusive rights to use the ASURAGEN Mark and with the intent to trade off of the significant goodwill symbolized by and the strong industry recognition of the ASURAGEN Mark.

22. Accuragen commenced use of the ACCURAGEN mark long after Asuragen commenced use of the ASURAGEN Mark, and long after Asuragen developed substantial goodwill in the ASURAGEN Mark.  As such, Asuragen has priority.

23. Upon information and belief, Accuragen's conduct is intentional, willful and wanton.

**C.    Harm Caused by Accuragen's Infringing Conduct**

24. Upon information and belief, in adopting the ACCURAGEN mark, Accuragen sought to benefit from the recognition and goodwill of the ASURAGEN Mark.

25. As a result of Accuragen's use of the ACCURAGEN mark in connection with its research and development services, the consuming public is likely to be confused, deceived and misled into believing that services offered under the ACCURAGEN mark are offered, licensed, authorized, endorsed or sponsored by Asuragen.

26. Further, the goodwill that Asuragen has built up in the ASURAGEN Mark is put at risk by Accuragen's appropriation and use of the confusingly similar ACCURAGEN mark. Accuragen's unauthorized acts unfairly and unlawfully wrest from Asuragen control over its

ASURAGEN Mark and its reputation, particularly as Asuragen has no control over the quality of Accuragen's services offered under the ACCURAGEN mark.  As a result, Asuragen's extremely valuable reputation is being irreparably damaged.  If Accuragen's conduct is not enjoined, it will continue to injure the value of the ASURAGEN Mark and the ability of that mark to indicate goods and services emanating from a single source, namely, Asuragen.

27. Accuragen's infringing activities have caused and will continue to cause irreparable damage to the business and goodwill of Asuragen unless permanently restrained by this Court.

28. Accuragen has actual knowledge that its conduct is unlawful.  On May 12, 2016, Asuragen wrote to Accuragen setting forth its well-established rights in the ASURAGEN Mark and demanding that Accuragen cease all use of the ACCURAGEN mark in connection with its research and development services.  Accuragen, however, refused to cease its use of the ACCURAGEN mark.

29. Asuragen has no adequate remedy at law.

**Count I: Federal Trademark Infringement**

**15 U.S.C. § 1114(1)**

30. Asuragen repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth herein.

31. Asuragen's rights in the federally registered ASURAGEN Mark developed long prior to any use of the ACCURAGEN mark by Accuragen.

32. Accuragen's ACCURAGEN mark is confusingly similar to Asuragen's registered ASURAGEN Mark.

33. Accuragen's services offered under the ACCURAGEN mark are identical or closely related to the goods and services offered by Asuragen under the ASURAGEN Mark.

34. Accuragen's actions described above are likely to cause confusion and mistake and to deceive potential customers and the general public as to the source, origin and/or sponsorship of Accuragen's services offered under the ACCURAGEN mark, and are likely to deceive the public

1  into believing that such services are provided, authorized, endorsed or sponsored by Asuragen,
2  thereby damaging Asuragen's reputation, goodwill and sales.

3  35.   Upon information and belief, Accuragen's conduct is willful, deliberate and in bad
4  faith, and undertaken with full knowledge that Accuragen has no right, license or authority to use
5  Asuragen's registered ASURAGEN Mark or any trade name or mark confusingly similar thereto.

6  36.   Accuragen's unauthorized use of the ACCURAGEN mark is intended to reap the
7  benefit of the goodwill that Asuragen has developed in Asuragen's registered ASURAGEN Mark
8  and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C.
9  § 1114(1).

10  37.   Accuragen's aforesaid conduct has caused and is causing irreparable injury to
11  Asuragen, and, unless enjoined by this Court, will continue both to damage Asuragen and to
12  deceive the public.  Asuragen has no adequate remedy at law.

**Count II: Unfair Competition and False**

**Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)**

15  38.   Asuragen repeats and realleges each and every allegation contained in paragraphs 1
16  through 37 above as if fully set forth herein.

17  39.   Asuragen's rights in the ASURAGEN Mark developed long prior to any use of the
18  ACCURAGEN mark by Accuragen.

19  40.   Accuragen's ACCURAGEN mark is confusingly similar to Asuragen's
20  ASURAGEN Mark.

21  41.   Accuragen's services offered under the ACCURAGEN mark are identical or
22  closely related to the goods and services offered by Asuragen under the ASURAGEN Mark.

23  42.   Accuragen's conduct is likely to cause confusion or to cause mistake or to deceive
24  consumers, users and the public as to the affiliation, connection or association between Accuragen
25  and Asuragen, and/or as to the origin, sponsorship or approval of Accuragen's services.

43. Accuragen's unauthorized use of the ACCURAGEN mark falsely and misleadingly represents Accuragen as being legitimately connected with and/or authorized by Asuragen, and places beyond Asuragen's control its own reputation and goodwill.

44. Upon information and belief, Accuragen's conduct is willful, deliberate and in bad faith, and undertaken with full knowledge that Accuragen has no right, license or authority to use any mark confusingly similar to Asuragen's ASURAGEN Mark.

45. As a result of the foregoing, Accuragen has falsely designated the origin of its services offered under its ACCURAGEN mark and has engaged in unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

46. Accuragen's aforesaid conduct has caused and is causing irreparable injury to Asuragen, and, unless enjoined by this Court, will continue both to damage Asuragen and to deceive the public. Asuragen has no adequate remedy at law.

**Count III: California Unfair Competition**

**Under Cal. Bus. & Prof. Code §§ 17200 *et seq*.**

47. Asuragen repeats and realleges each and every allegation contained in paragraphs 1 through 46 above as if fully set forth herein.

48. The aforesaid conduct of Accuragen – trademark infringement and false designation of origin – constitutes unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

49. Accuragen's conduct is causing immediate and irreparable injury to Asuragen and will continue both to damage Asuragen and deceive the public unless enjoined by this Court. Asuragen has no adequate remedy at law.

**WHEREFORE**, Asuragen demands judgment as follows:

1. Entering judgment for Asuragen on each of its claims.

2. Directing that Accuragen, its officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with it, be immediately and permanently enjoined from:

(a) infringing the ASURAGEN Mark;

(b) falsely designating the origin, sponsorship, or affiliation of its business or services;

(c) using the ASURAGEN Mark or any derivation or colorable imitation thereof, or any name or mark that is confusingly similar thereto, including the ACCURAGEN mark (collectively, "Prohibited Marks"), in connection with the promotion, marketing, and offering of any goods or services;

(d) seeking to register any of the Prohibited Marks or any derivation or colorable imitation thereof, or any name or mark that is confusingly similar thereto;

(e) making or employing any other commercial use of any of the Prohibited Marks;

(f) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Accuragen's services are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, or authorized by or otherwise connected with Asuragen;

(g) using any other false designation of origin or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Accuragen's activities are in any way sponsored, licensed, endorsed or authorized by, or affiliated or connected with Asuragen;

(h) doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, investors or educational institutions into the belief that the services promoted or offered by Accuragen emanate from or originate with Asuragen, or are somehow sponsored, licensed, endorsed or authorized by or affiliated or connected with Asuragen;

1         (i)      engaging in any other activity constituting unfair competition with Asuragen; and

        (j)      aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (j) above.

3.   Directing that Accuragen deliver up to Asuragen's attorneys for destruction all products, labels, signs, stationery, prints, packages, promotional and marketing materials, advertisements, and other materials currently in its possession or under its control incorporating, featuring or bearing the Prohibited Marks or any other simulation, reproduction, copy, or colorable imitation thereof.

4.   Directing that Accuragen transfer or cause to be transferred to Asuragen any domain names owned by Accuragen that incorporate any of the Prohibited Marks, including *www.accuragen.com*, and execute all necessary documents to effectuate such transfer(s).

5.   Directing that Accuragen file with the Court and serve upon Asuragen's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

6.   Awarding Asuragen such damages it has sustained or will sustain by reason of Accuragen's acts of trademark infringement and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117.

7.   Awarding Asuragen all damages, including Accuragen's profits, that are recoverable under Cal. Bus. & Prof. Code § 17200 *et seq*.

8.   Awarding Asuragen all other recoverable gains, profits, property, and advantages derived by Accuragen from its unlawful conduct.

9.   Awarding to Asuragen exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

10.   Awarding to Asuragen its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

11. Awarding Asuragen interest, including pre-judgment interest on the foregoing sums.

12. Awarding to Asuragen such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Asuragen, Inc. hereby demands trial by jury in this action.

DATED: September 23, 2016                    Respectfully submitted,

CONRAD & METLITZKY LLP

*/s/ Mark R. Conrad*
MARK R. CONRAD
WARREN METLITZKY

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
JAMES D. WEINBERGER
(*pro hac vice* application forthcoming)
JASON D. JONES
(*pro hac vice* application forthcoming)

*Attorneys for Plaintiff*